## ROBERTS v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit.
February 23, 1926.)

No. 4482.

**1. Intoxicating liquors ⬨236(6½, 20).**

Evidence *held* to sustain conviction for unlawful importation, possession, and transportation of intoxicating liquor.

**2. Criminal law ⬨510.**

Conviction may be had for violations of Prohibition Act on evidence of an accomplice, if believed by jury.

In Error to the District Court of the United States for the Western District of Texas; Colin Neblett, Judge.

Homer Roberts was convicted of unlawful importation, possession, and transportation of intoxicating liquor, and he brings error. Affirmed.

Royall G. Smith, of El Paso, Tex. (Moore & Smith, of El Paso, Tex., on the brief), for plaintiff in error.

N. J. Morrisson, Asst. U. S. Atty., of El Paso, Tex. (John D. Hartman, U. S. Atty., and H. R. Gamble, Asst. U. S. Atty., both of El Paso, Tex., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Plaintiff in error, hereafter called defendant, was convicted on three counts of an indictment, which charged him and three others in the first count with the unlawful importation of intoxicating liquor from Mexico, in the second count with the unlawful possession of said liquor, and in the third count with conspiring to unlawfully transport same. He was sentenced on the first two counts, but no sentence was imposed under the third count. He assigns error to the denial of motions to direct a verdict in his favor on each count. No other errors are assigned.

[1, 2] The evidence was conclusive that the liquor was intoxicating and fit for beverage purposes and had been unlawfully imported. It was found in a garage in El Paso, some in sacks on the ground, and some in an automobile, a Hudson coach. On the running board of the car was a handbag, in which was found a bank pass book and other papers belonging to defendant. There was some slight evidence tending to show that the automobile belonged to him, or had previously belonged to him. One Jesus Jiminez, named in the indictment, testified. He identified defendant, and related his connection with the enterprise. Altogether the evidence was ample to sustain the conviction. It is argued, however, that the testimony of Jiminez should have been rejected, because he was an accomplice. It is settled that conviction may be had on the evidence of an accomplice if the jury believes him. Caminetti v. U. S., 37 S. Ct. 192, 242 U. S. 495, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168.

We find no error in the record.

Affirmed.